**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

Southern _____ District of Texas _____
(State)

Case number (*If known*): _____ Chapter 11 _____

☐ Check if this is an
amended filing

## Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy   04/25

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.**

1. **Debtor's name**

   Miyoshi America, Inc.

2. **All other names debtor used in the last 8 years**

   Include any assumed names, trade names, and *doing business as* names

3. **Debtor's federal Employer Identification Number** (EIN)

   0 6 _ 1 2 9 0 5 1 9

4. **Debtor's address**

   **Principal place of business**

   110     Louisa Viens Drive
   Number    Street

   _____

   Dayville     CT   06241
   City     State   ZIP Code

   Windham County
   County

   **Mailing address, if different from principal place of business**

   _____
   Number    Street

   _____
   P.O. Box

   _____
   City     State   ZIP Code

   **Location of principal assets, if different from principal place of business**

   _____
   Number    Street

   _____

   _____
   City     State   ZIP Code

5. **Debtor's website** (URL)

   Miyoshiamerica.com

Debtor  Miyoshi America, Inc.
        _____     Case number (*if known*)_____
        Name

**6. Type of debtor**

☑ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding  LLP)

☐ Other. Specify: _____

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☑ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

3   2   5   6

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7

☐ Chapter 9

☑ Chapter 11. *Check **all** that apply*:

☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,424,000 (amount subject to adjustment on 4/01/28 and every 3 years after that).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.

☑ A plan is being filed with this petition.

☑ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☑ No

☐ Yes.   District _____   When _____   Case number _____
                                              MM / DD / YYYY

         District _____   When _____   Case number _____
                                              MM / DD / YYYY

Debtor    Miyoshi America, Inc._____    Case number (*if known*)_____
          Name

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☑ No

☐ Yes.    Debtor _____    Relationship _____

          District _____    When _____
                                                       MM  /  DD  / YYYY

          Case number, if known _____

**11. Why is the case filed in *this district*?**

*Check all that apply:*

☑ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☑ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply*.)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?**_____
                              Number          Street

_____

_____    _____ _____
City                                        State ZIP Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____

        Contact name _____

        Phone _____

---

■ **Statistical and administrative information**

---

**13. Debtor's estimation of available funds**

*Check one:*

☑ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

☐ 1-49
☐ 50-99
☐ 100-199
☑ 200-999

☐ 1,000-5,000
☐ 5,001-10,000
☐ 10,001-25,000

☐ 25,001-50,000
☐ 50,001-100,000
☐ More than 100,000

---

Debtor  Miyoshi America, Inc.                                    Case number (if known)
     Name

**15. Estimated assets**

| | | |
|---|---|---|
| ❑ $0-$50,000 | ❑ $1,000,001-$10 million | ❑ $500,000,001-$1 billion |
| ❑ $50,001-$100,000 | ☑ $10,000,001-$50 million | ❑ $1,000,000,001-$10 billion |
| ❑ $100,001-$500,000 | ❑ $50,000,001-$100 million | ❑ $10,000,000,001-$50 billion |
| ❑ $500,001-$1 million | ❑ $100,000,001-$500 million | ❑ More than $50 billion |

**16. Estimated liabilities**

| | | |
|---|---|---|
| ❑ $0-$50,000 | ❑ $1,000,001-$10 million | ❑ $500,000,001-$1 billion |
| ❑ $50,001-$100,000 | ☑ $10,000,001-$50 million | ❑ $1,000,000,001-$10 billion |
| ❑ $100,001-$500,000 | ❑ $50,000,001-$100 million | ❑ $10,000,000,001-$50 billion |
| ❑ $500,001-$1 million | ❑ $100,000,001-$500 million | ❑ More than $50 billion |

## Request for Relief, Declaration, and Signatures

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   4/27/2026
              MM / DD / YYYY

✗ _____    Edward Houlihan
  Signature of authorized representative of debtor    Printed name

Title   Vice President

**18. Signature of attorney**

✗ _____   Date   4/27/2026
  Signature of attorney for debtor          MM / DD / YYYY

Charles S. Kelley
Printed name

Mayer Brown LLP
Firm name

700      Louisiana Street, Suite 3400
Number    Street

Houston                     TX     77002-2730
City                           State    ZIP Code

(713) 238-3000              ckelley@mayerbrown.com
Contact phone                 Email address

11199580                     TX
Bar number                  State

## MIYOSHI AMERICA, INC.

### UNANIMOUS WRITTEN CONSENT
### OF THE BOARD OF DIRECTORS

### April 27, 2026

Pursuant to Section 21.415 of the Texas Business Organizations Code and Section 3.11 of the bylaws of Miyoshi America, Inc., a Texas corporation (the "Company"), the undersigned, being all of the members of the board of directors (the "Board") of the Company, hereby take the following actions and adopt the following resolutions in lieu of holding a meeting of the Board:

WHEREAS, the Company is a defendant in numerous lawsuits involving allegations that the Company's talc-containing products caused or contributed to illnesses suffered by the plaintiffs or related parties ("Talc Claims"), and the Company anticipates that it will continue to be subjected to additional Talc Claims in the foreseeable future;

WHEREAS, the Board, based on its business judgment and acting in the best interests of the Company (including consideration of its stockholders, creditors and other parties in interest), has reviewed and considered the financial and operational condition of the Company and the Company's business on the date hereof, including the historical performance of the Company, the assets of the Company, the current and long-term liabilities of the Company and credit market conditions;

WHEREAS, the Board has had the opportunity to consult with the management (the "Management") and the financial and legal advisors to the Company (the "Advisors") and fully consider each of the strategic alternatives available to the Company;

WHEREAS, the Company, with the prior approval of the Board, commenced solicitation of votes to accept or reject the *Prepackaged Plan of Reorganization of Miyoshi America, Inc. Pursuant to Chapter 11 of the Bankruptcy Code* (the "Plan") on March 13, 2026; and

WHEREAS, as of the conclusion of the solicitation of votes to accept or reject the Plan, the Board has been advised that a sufficient number of current holders of Talc Claims have voted to accept the Plan to satisfy the applicable requirements for confirmation of the Plan;

### *Filing and Prosecution of Bankruptcy Case*

NOW, THEREFORE, BE IT RESOLVED, that in the business judgment of the Board, with the advice of the Management and Advisors, it is desirable and in the best interests of the Company (including consideration of its stockholders, creditors and other parties in interest) that the Company shall be, and hereby is, authorized to file, or cause to be filed, a voluntary petition for relief (the "Chapter 11 Case") under the provisions of chapter 11 ("Chapter 11") of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court"); and

FURTHER RESOLVED, that the Chief Executive Officer, the Vice President, or any other duly appointed officer of the Company (collectively, the "Authorized Signatories"), acting

1758403263

alone or with one or more other Authorized Signatories be, and they hereby are, authorized, empowered and directed to execute and file on behalf of the Company all petitions, schedules, lists, retention of professionals, and other motions, papers, and documents (including the Plan), and to take any and all actions that they and the Advisors deem necessary or proper to obtain relief under the provisions of Chapter 11, including, without limitation, any action necessary to maintain the ordinary course operation of the Company's business.

## *Retention of Professionals*

RESOLVED, that the Authorized Signatories be, acting alone or with one or more other Authorized Signatories, and they hereby are, authorized and directed to continue to employ the law firm of Mayer Brown LLP ("Mayer Brown") as general bankruptcy counsel to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take, at the direction of the Authorized Signatories acting singly or jointly, any and all actions to advance the Company's rights and obligations, including filing any motions, objections, replies, applications, or pleadings; and in connection therewith, the Authorized Signatories, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Mayer Brown;

FURTHER RESOLVED, that the Authorized Signatories be, acting alone or with one or more other Authorized Signatories, and they hereby are, authorized and directed to continue to employ the firm of Alvarez & Marsal North America, LLC ("A&M") as financial advisor to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions, at the direction of the Authorized Signatories acting singly or jointly, to advance the Company's rights and obligations, and in connection therewith, the Authorized Signatories, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of A&M;

FURTHER RESOLVED, that the Authorized Signatories be, acting alone or with one or more other Authorized Signatories, and they hereby are, authorized and directed to continue to employ the firm of Smith Goffman Partners ("SGP") as investment banker to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions, at the direction of the Authorized Signatories acting singly or jointly, to advance the Company's rights and obligations, and in connection therewith, the Authorized Signatories, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of SGP;

FURTHER RESOLVED, that the Authorized Signatories be, acting alone or with one or more other Authorized Signatories, and they hereby are, authorized and directed to continue to employ the firm of Stretto, Inc. ("Stretto") as claims, noticing, solicitation, and balloting agent to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions, at the direction of the Authorized Signatories acting singly or jointly, to advance the Company's rights and obligations; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute

appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain the services of Stretto; and

FURTHER RESOLVED, that the Authorized Signatories be, acting alone or with one or more other Authorized Signatories, and they hereby are, with power of delegation, authorized, empowered and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, and other professionals and to take and perform any and all further acts and deeds that each of the Authorized Signatories deem necessary, proper, or desirable in connection with the Company's Chapter 11 Case, with a view to the successful prosecution of such case.

## Cash Collateral, Debtor-in-Possession Financing, and Adequate Protection

WHEREAS, the Company will obtain benefits from the incurrence of debtor-in-possession financing obligations (the "DIP Financing") pursuant to a senior secured superpriority debtor-in-possession term loan facility (the "DIP Financing Facility") in the form, terms and provisions of the agreement (the "DIP Financing Credit Agreement") to be entered into by the Company, as borrower, and Miyoshi Kasei, Inc., as lender (the "DIP Lender");

WHEREAS, in order to use and obtain the benefits of (a) the DIP Financing and (b) cash collateral, and in accordance with section 363 of the Bankruptcy Code, the Company will provide certain protections to the DIP Lender, as documented in the proposed interim and final orders (collectively, the "DIP Orders") reviewed by the Board and submitted for approval to the Bankruptcy Court;

NOW, THEREFORE, BE IT RESOLVED, that the form, terms, and provisions of the DIP Financing Credit Agreement, the DIP Orders to the DIP Financing Credit Agreement, and such other agreements, certificates, instruments, receipts, petitions, motions, or other papers or documents to which the Company is or will be a party, including, but not limited to, any security and pledge agreement, guaranty agreement or other Loan Documents (as defined in the DIP Financing Credit Agreement) (collectively, together with the DIP Financing Credit Agreement and the DIP Orders, the "DIP Credit Documents"), to which the Company is or will be subject, and the actions and transactions contemplated thereby be, and hereby are authorized, adopted, and approved, and each of the Authorized Signatories be, and hereby is, authorized and empowered, in the name of and on behalf of the Company, to take such actions and negotiate or cause to be prepared and negotiated and to execute, deliver, perform, and cause the performance of, the DIP Credit Documents, incur and pay or cause to be paid all authorized fees and expenses and engage such persons, in each case, in the form or substantially in the form thereof submitted to the Board, with such changes, additions, and modifications thereto as the Authorized Signatories executing the same shall approve, such approval to be conclusively evidenced by such officers' execution and delivery thereof;

FURTHER RESOLVED, that the Company, as a debtor and debtor-in-possession under the Bankruptcy Code be, and hereby is, authorized to undertake any and all related transactions with the DIP Lender on substantially the same terms as contemplated under the DIP Credit Documents (collectively, the "DIP Transactions"), including granting liens on the Company's assets to secure such obligations;

FURTHER RESOLVED, that the Authorized Signatories be, and hereby are, authorized and directed, and each of them acting alone hereby is, authorized, directed, and empowered in the name of, and on behalf of, the Company, as a debtor and debtor-in-possession, to take such actions as in their discretion is determined to be necessary, desirable, or appropriate and execute the DIP Transactions, including execution and delivery of (a) the DIP Credit Documents; (b) such other instruments, certificates, notices, assignments, and documents as may be reasonably requested by the DIP Lender in connection with the DIP Financing Facility; and (c) such other documents, agreements, or instruments as may be required by the DIP Credit Documents;

FURTHER RESOLVED, that each of the Authorized Signatories be, and hereby are, authorized, directed, and empowered in the name of, and on behalf of, the Company to file or to authorize the DIP Lender to file any Uniform Commercial Code ("UCC") financing statements, any other equivalent filings, any intellectual property filings and recordation and any necessary assignments for security or other documents in the name of the Company that the DIP Lender deems necessary or appropriate to perfect any lien or security interest granted under the DIP Credit Documents and/or the DIP Orders, including any such UCC financing statement containing a generic description of collateral, such as "all assets," "all assets of the debtor, whether now owned by or owing to, or hereafter acquired by or arising in favor of, debtor (including under any trade name or derivations thereof), and whether owned or consigned by or to, or leased from or to, debtor, and regardless of where located, including all accessions to, substitutions for and replacements, proceeds, insurance proceeds and products thereof" and other similar descriptions of like import, and to execute and deliver, and to record or authorize the recording of, such mortgages and deeds of trust in respect of real property of the Company and such other filings in respect of intellectual and other property of the Company, in each case as the DIP Lender may reasonably request to perfect the security interests of the DIP Lender under the DIP Credit Documents and/or the DIP Orders;

FURTHER RESOLVED, that each of the Authorized Signatories be, and hereby are, authorized, directed, and empowered in the name of, and on behalf of, the Company to take all such further actions in connection with the DIP Transactions and the foregoing resolutions, which shall in their sole judgment be necessary, proper, or advisable to perform the Company's obligations under or in connection with the DIP Orders and the transactions contemplated therein and to carry out fully the intent of the foregoing resolutions;

FURTHER RESOLVED, that each of the Authorized Signatories be, and hereby is, authorized and empowered to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions, and extensions of the DIP Credit Documents that shall in their sole judgment be necessary, proper, or advisable; and

FURTHER RESOLVED, that all acts and actions taken by the Authorized Signatories prior to the date hereof with respect to the transactions contemplated by the DIP Credit Documents and/or the DIP Orders be, and hereby are, in all respects confirmed, approved, and ratified.

## *General Authorizing Resolutions*

RESOLVED, that in addition to the specific authorizations heretofore conferred upon the Authorized Signatories, each of the Authorized Signatories (and their designees and delegates) be, and they hereby are, authorized and empowered, in the name of and on behalf of the

Company, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver and file any and all such agreements, certificates, instruments and other documents and to pay all expenses, including but not limited to filing fees, in each case as in such Authorized Signatory's judgment, shall be necessary, advisable or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein;

FURTHER RESOLVED, that the Board has received sufficient notice of, and advise relating to, the actions and transactions relating to the matters contemplated by the foregoing resolutions as may be required by the organizational documents of the Company, or hereby waives any right to have received such notice or advice;

FURTHER RESOLVED, that all acts, actions and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of the Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved and ratified as the true acts and deeds of the Company with the same force and effect as if each such act, transaction, agreement or certificate has been specifically authorized in advance by resolution of the Board;

FURTHER RESOLVED, that the actions and transactions described herein (i) are necessary and convenient to the conduct, promotion and attainment of the business of the Company, (ii) may reasonably be expected to benefit the Company, directly or indirectly, and (iii) are fair to, and in the best interest of, the Company (including consideration of its stockholders, creditors and other parties in interest); and

FURTHER RESOLVED, that each of the Authorized Signatories (and their designees and delegates) be, and hereby is, authorized and empowered to take any and all actions or to refrain from taking any action in the name of the Company with respect to the transactions contemplated by these resolutions, as such Authorized Signatory shall deem necessary or desirable in such Authorized Signatory's reasonable business judgment to effectuate the purposes of the transactions contemplated hereby.

This unanimous written consent may be executed in any number of counterparts, each of which shall constitute an original and all of which together shall constitute one instrument. Any copy, facsimile or other reliable reproduction of this unanimous written consent may be substituted or used in lieu of the original writing for any and all purposes for which the original writing could be used. This unanimous written consent shall be filed with the minutes of the proceedings of the Board and shall be effective as of the date first set forth above.

*[Signature Page Follows]*

IN WITNESS WHEREOF, the undersigned have executed this unanimous written consent of the Board as of the date first set forth above.

**BOARD:**

Name: Taizo Miyoshi, Director

Name: Tim (Kaoru) Takagi, Director

Name: Edward Houlihan, Director

*[Signature Page to Unanimous Written Consent of the Board]*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| Miyoshi America, Inc.,[1] | Case No. 26-_____ |
| Debtor. | |

## CORPORATE OWNERSHIP STATEMENT
### MIYOSHI AMERICA, INC.

Check one: __X__ DEBTOR _____ PLAINTIFF _____ DEFENDANT _____ OTHER (Specify):

*Instructions: Federal Rule of Bankruptcy Procedure 7007.1 requires corporate parties to an adversary proceeding, other than the debtor or a governmental unit, to file a statement of corporate ownership with the first pleading filed. Similarly, Federal Rule of Bankruptcy Procedure 1007(a)(1) requires corporate debtors to file a corporate ownership statement with their petitions containing the information described in Rule 7007.1. Check one of the statements set forth below and provide any information as directed.*

☑ **1. The following corporations directly or indirectly own 10% or more of any class of the above named corporate debtor's/party's equity interests:**

Miyoshi Kasei, Inc.
4-3-14 Ichigaya Grassgate-5F,
Kudankita, Chiyoda-ku,
102-0073 Tokyo, Japan

☐ **2. There are no entities that directly or indirectly own 10% or more of any class of the above named corporate debtor's/party's equity interests.**

Date: April 27, 2026

/s/ _____
Signature of Authorized Individual for Corporate
Debtor/Party

Edward Houlihan
_____
Signature of Authorized Individual for Corporate
Debtor/Party

Vice President
_____
Title of Authorized Individual for Corporate
Debtor/Party

---

[1] The Debtor in this Chapter 11 Case, along with the last four digits of the Debtor's federal tax identification number is: Miyoshi America, Inc. (0519). The mailing address for the Debtor for purposes of this Chapter 11 Case is 110 Louisa Viens Dr., Dayville, CT 06241.

<table>
<tr><td colspan="2"><strong>Fill in this information to identify the case:</strong></td></tr>
<tr><td>Debtor name: Miyoshi America, Inc.</td></tr>
<tr><td>United States Bankruptcy Court for the Southern District of Texas</td></tr>
<tr><td>Case number (if known): _____</td></tr>
</table>

☐ Check if this is an amended filing

## Chapter 11 Case:  List of Lead Law Firms with Pending Talc Personal Injury Claims Against the Debtor

The following is list of lead law firms with pending talc personal injury claims (the **"Top Talc Counsel List"**) against Miyoshi America, Inc., as debtor (the **"Debtor"**) based on volume of claims. Concurrently with this petition, the Debtor has filed a motion seeking authority to file this Top Talc Counsel List in lieu of a list of the 20 largest unsecured creditors.[1] This list does not include any person or entity who is an "insider" under section 101(31) of title 11 of the United States Code. The Top Talc Counsel List was prepared with information available to the Debtor. The Debtor reserves the right to amend the Top Talc Counsel List based on additional information it may identify. The information contained in the Top Talc Counsel List shall not constitute an admission by, nor shall it be binding on, the Debtor.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount.  If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| --- | --- | --- | --- | --- | --- | --- | --- |
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | Maune Raichle Hartley French & Mudd, LLC 1015 Locust Street Suite 1200 St. Louis, MO 63101 | Marcus Raichle Email - mraichle@mrhfmlaw.com Phone - (314) 822 - 0930 Fax - (314) 621 - 5990 | Talc Personal Injury Claims Against the Debtor (64 Pending Claims) | Disputed/ Contingent/ Unliquidated | N/A | N/A | Unliquidated |
| 2 | Simon Greenstone Panatier, P.C 901 Main Street Suite 5900 Dallas, TX 75202 | Leah Kagan Email - lkagan@sgptrial.com Phone - (214) 276 - 7680 Fax - (214) 276 - 7699 | Talc Personal Injury Claims Against the Debtor (50 Pending Claims) | Disputed/ Contingent/ Unliquidated | N/A | N/A | Unliquidated |
| 3 | Meirowitz & Wasserberg, LLP 1040 6th Ave 10th Floor New York, NY 10018 | Justine Delaney Email - jdelaney@mwinjurylaw.com Phone - (516) 680 - 9442 Fax - (646) 432 - 6887 | Talc Personal Injury Claims Against the Debtor (19 Pending Claims) | Disputed/ Contingent/ Unliquidated | N/A | N/A | Unliquidated |
| 4 | SWMW Law, LLC 701 Market Street Suite 1000 St. Louis, MO 63101 | Lauren Williams Email - lauren@swmwlaw.com Phone - (636) 614 - 5464 Fax - (314) 932 - 1566 | Talc Personal Injury Claims Against the Debtor (14 Pending Claims) | Disputed/ Contingent/ Unliquidated | N/A | N/A | Unliquidated |
| 5 | Dean Omar Branham Shirley, LLP 1801 N. Lamar Street Suite 300 Dallas, TX 75202 | Trey Branham Email - tbranham@dobslegal.com Phone - (214) 722 - 5990 Fax - (214) 722 - 5991 | Talc Personal Injury Claims Against the Debtor (13 Pending Claims) | Disputed/ Contingent/ Unliquidated | N/A | N/A | Unliquidated |
| 6 | Levy Konigsberg, LLP 605 Third Avenue 33rd Floor New York, NY 10158 | Audrey Raphael Email - araphael@levylaw.com Phone - (914) 923 - 0586 Fax - (212) 605 - 6290 | Talc Personal Injury Claims Against the Debtor (12 Pending Claims) | Disputed/ Contingent/ Unliquidated | N/A | N/A | Unliquidated |
| 7 | Belluck Law, LLP 546 5th Avenue 5th Floor New York, NY 10036 | Joseph Belluck Email - jbelluck@bellucklaw.com Phone - (646) 956 - 4658 Fax - (212) 681 - 1574 | Talc Personal Injury Claims Against the Debtor (6 Pending Claims) | Disputed/ Contingent/ Unliquidated | N/A | N/A | Unliquidated |
| 8 | Simmons Hanly Conroy LLP 112 Madison Avenue 7th Floor New York, NY 10016 | Lisa Busch Email - lbusch@simmonsfirm.com Phone - (212) 257 - 8482 Fax - (212) 213 - 5949 | Talc Personal Injury Claims Against the Debtor (6 Pending Claims) | Disputed/ Contingent/ Unliquidated | N/A | N/A | Unliquidated |
| 9 | Menges Law LLC 6400 West Main Street Suite 1G Belleville, IL 62223 | Carson C. Menges Email - cmenges@mengesfirm.com Phone - (618) 424 - 4450 Fax - (618) 277 - 6649 | Talc Personal Injury Claims Against the Debtor (3 Pending Claims) | Disputed/ Contingent/ Unliquidated | N/A | N/A | Unliquidated |
| 10 | Bailey Cowan Heckaman PLLC 1360 Post Oak Blvd. Suite 2300 Houston, TX 77056 | Megan L. Roper Email - mroper@bchlaw.com Phone - (281) 484 - 4884 Fax - (713) 425 - 7101 | Talc Personal Injury Claims Against the Debtor (2 Pending Claims) | Disputed/ Contingent/ Unliquidated | N/A | N/A | Unliquidated |
| 11 | Cohen, Placitella & Roth, P.C 127 Maple Avenue Red Bank, NJ 07701 | Jared M. Placitella Email - jmplacitella@cprlaw.com Phone - (215) 567 - 3500 Fax - (215) 567 - 6019 | Talc Personal Injury Claims Against the Debtor (2 Pending Claims) | Disputed/ Contingent/ Unliquidated | N/A | N/A | Unliquidated |
| 12 | The Deaton Law Firm 450 North Broadway East Providence, RI 02914 | John Deaton Email - all-deaton@deatonlawfirm.com Phone - (401) 369 - 6967 Fax - (401) 351 - 6401 | Talc Personal Injury Claims Against the Debtor (2 Pending Claims) | Disputed/ Contingent/ Unliquidated | N/A | N/A | Unliquidated |
| 13 | Brown Kiely LLP 479 Jumpers Hole Road Suite 103 Severna Park, MD 21146 | Matthew Kiely Email - mkiely@brownkielylaw.com Phone - (240) 220 - 9923 Fax - (301) 718 - 8037 | Talc Personal Injury Claims Against the Debtor (1 Pending Claim) | Disputed/ Contingent/ Unliquidated | N/A | N/A | Unliquidated |

[1] This list is in substantially the same form as Official Bankruptcy Form 204 for chapter 11 cases setting forth the list of creditors, other than insiders, who have the 20 largest unsecured claims against a debtor.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 14 | Deblase Brown Eyerly LLP 680 South Santa Fe Avenue Los Angeles, CA 90021 | Eric Brown Email - brown@dbelegal.com Phone - (310) 575 - 9955 Fax - (310) 575 - 9919 | Talc Personal Injury Claims Against the Debtor (1 Pending Claim) | Disputed/ Contingent/ Unliquidated | N/A | N/A | Unliquidated |
| 15 | Duffy Law LLC 70 Washington Street Suite 405 Salem, MA 01970 | Chris Duffy Email - duffy@cpduffylaw.com Phone - (978) 414 - 5714 | Talc Personal Injury Claims Against the Debtor (1 Pending Claim) | Disputed/ Contingent/ Unliquidated | N/A | N/A | Unliquidated |
| 16 | Early, Lucarelli, Sweeney, Meisenkothen, LLC One Century Tower 265 Church Street 11th Floor New Haven, CT 06510 | Brian P. Kenney Email - bkenney@elslaw.com Phone - (203) 777 - 7799 Fax - (203) 785 - 1671 | Talc Personal Injury Claims Against the Debtor (1 Pending Claim) | Disputed/ Contingent/ Unliquidated | N/A | N/A | Unliquidated |
| 17 | Goldberg, Persky, & White 11 Stanwix Street Suite 1800 Pittsburgh, PA 15222 | Leif J. Ocheltree Email - locheltree@gpwlaw.com Phone - (724) 493 - 2356 Fax - (412) 471 - 8308 | Talc Personal Injury Claims Against the Debtor (1 Pending Claim) | Disputed/ Contingent/ Unliquidated | N/A | N/A | Unliquidated |
| 18 | Kazan, Mcclain, Satterley, & Greenwood 55 Harrison Street Suite 400 Oakland, CA 94607 | Michael Stewart Email - mstewart@kazanlaw.com Phone - (888) 887 - 1238 Fax - (510) 835 - 4913 | Talc Personal Injury Claims Against the Debtor (1 Pending Claim) | Disputed/ Contingent/ Unliquidated | N/A | N/A | Unliquidated |
| 19 | Landry & Swarr, LLC Energy Centre 1100 Poydras Street Suite 2000 New Orleans, LA 70112 | Mickey P. Landry Email - mlandry@landryswarr.com Phone - (504) 482 - 5750 Fax - (504) 299 - 1215 | Talc Personal Injury Claims Against the Debtor (1 Pending Claim) | Disputed/ Contingent/ Unliquidated | N/A | N/A | Unliquidated |
| 20 | Mcdermott & Hickey, LLC 20525 Center Ridge Road Suite 200 Rocky River, OH 44116 | Christopher Hickey Email - chip@mcdermontthickeylaw.com Phone - (216) 712 - 7452 Fax - (216) 916 - 9238 | Talc Personal Injury Claims Against the Debtor (1 Pending Claim) | Disputed/ Contingent/ Unliquidated | N/A | N/A | Unliquidated |
| 21 | Phillips & Paolicelli, LLP 747 Third Avenue 6th Floor New York, NY 10022 | Daniel J. Woodard Email - dwoodard@p2law.com Phone - (646) 581 - 9223 Fax - (212) 388 - 5200 | Talc Personal Injury Claims Against the Debtor (1 Pending Claim) | Disputed/ Contingent/ Unliquidated | N/A | N/A | Unliquidated |
| 22 | Shepard O'Donnell, P.C 160 Federal Street Boston, MA 02110 | Michael Shepard Email - mshepard@shepardlawfirm.com Phone - (617) 451 - 9191 | Talc Personal Injury Claims Against the Debtor (1 Pending Claim) | Disputed/ Contingent/ Unliquidated | N/A | N/A | Unliquidated |
| 23 | The Ferraro Law Firm 600 Brickell Avenue Suite 3800 Miami, FL 33131 | Marc P. Kunen Email - mpk@ferrarolaw.com Phone - (833) 497 - 4225 Fax - (305) 379 - 6222 | Talc Personal Injury Claims Against the Debtor (1 Pending Claim) | Disputed/ Contingent/ Unliquidated | N/A | N/A | Unliquidated |
| 24 | Thornton Law Firm LLP 84 State Street 4th Floor Boston, MA 02109 | Leslie-Anne Taylor Email - ltaylor@tenlaw.com Phone - (888) 491 - 9726 Fax - (617) 720 - 2445 | Talc Personal Injury Claims Against the Debtor (1 Pending Claim) | Disputed/ Contingent/ Unliquidated | N/A | N/A | Unliquidated |
| 25 | Weitz & Luxenberg 700 Broadway New York, NY 10003 | Gary Klein Email - gklein@weitzlux.com Phone - (212) 558 - 5500 Fax - (212) 344 - 5461 | Talc Personal Injury Claims Against the Debtor (1 Pending Claim) | Disputed/ Contingent/ Unliquidated | N/A | N/A | Unliquidated |

**Fill in this information to identify the case and this filing:**

Debtor Name  Miyoshi America, Inc.

United States Bankruptcy Court for the:  Southern   District of  Texas
                                                              (State)

Case number (If known):

---

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors   12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

- ☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

- ☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

- ☐ *Schedule H: Codebtors* (Official Form 206H)

- ☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

- ☐ Amended *Schedule* ☐

- ☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

- ☑ Other document that requires a **declaration**  List of Lead Law Firms with Pending Talc Personal Injury Claims against the Debtor

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  04/27/2026          X _____
             MM / DD / YYYY           Signature of individual signing on behalf of debtor

                                  Edward Houlihan
                                  Printed name

                                  Vice President
                                  Position or relationship to debtor